IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
ANTHONY C. CHRIST et al.          *
                                  *
      Plaintiffs                  *
v.                                *
                                  *    Civil Action No. WMN-15-3305
MAYOR OF OCEAN CITY et al.        *
                                  *
      Defendants                  *
   *     *     *     *     *     *     *     *     *     *     *     *     *
```

**MEMORANDUM**

Now pending before the Court are three motions to dismiss: a Motion to Dismiss filed by Mayor Richard Meehan, Mayor of the Town of Ocean City (Mayor Meehan), the Council of Ocean City (the Council), and the Town of Ocean City (the Town); a Motion to Dismiss filed by Guy R. Ayres, III, City Solicitor for the Town of Ocean City; and a Motion to Dismiss filed by Mayor Meehan.  ECF Nos. 10, 14, and 22.  Also pending before the Court is Plaintiffs' Motion for Temporary Injunction.  ECF No. 17. Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary.  Local Rule 105.6.  For the reasons set forth below, service on Defendants will be quashed; therefore, the Court will deny as moot Plaintiffs' Motion for a Temporary Injunction and Defendants' motions to dismiss.

On October 29, 2015, Plaintiffs, street performers on the Ocean City Boardwalk, acting pro se, filed a Complaint against

Mayor Meehan, the Council, and the Town titled "Motion to
Reopen/Reconsider & Seek Declaratory Judgement in Mark Chase v.
Town of Ocean City."[1] ECF No. 1. On November 5, 2015, the Court
issued an Order directing Plaintiffs to "submit completed
summons to the Clerk." ECF No. 2. On November 12, 2015, the
Clerk issued summonses as to the Council, Mayor Meehan, and the
Town. ECF No. 4. The summonses were returned executed on
November 19, 2015. ECF No. 5. On November 24, 2015, Plaintiffs
filed an Amended Complaint adding as Defendants the City
Solicitor Guy R. Ayres III (Solicitor Ayres) and "John Does-
Revealed in Depositions" as Defendants. ECF No. 6.

On December 9, 2015, Defendants Mayor Meehan, the Council,
and the Town filed a Motion to Dismiss the un-amended Complaint.
ECF No. 7. It is unclear why this motion attacked the un-
amended Complaint as it was filed after the Amended Complaint.[2]
On December 15, 2015, these Defendants filed a second Motion to
Dismiss, attacking the Amended Complaint pursuant to Rules
12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil
Procedure. ECF No. 10. Solicitor Ayres and Mayor Meehan also

---

[1] Plaintiffs originally attempted to file this pleading in Chase
v. Town of Ocean City, Case No. ELH-11-1771. Judge Ellen
Hollander returned the pleading because Plaintiffs were not
parties to Chase.

[2] ECF No. 7 is now moot.

filed separate motions to dismiss, each raising challenges under
Rule 12(b)(5) and Rule 12(b)(6).  ECF Nos. 14 and 22.[3]

## A. 12(b)(1) Lack of Subject Matter Jurisdiction

"The district courts shall have original jurisdiction of
all civil actions arising under the Constitution, laws, or
treaties of the United States." 28 U.S.C. § 1331. Mayor
Meehan, the Council, and the Town claim "Plaintiffs' Amended
Complaint fails to set forth factual allegations that bring
their claim within the subject matter jurisdiction of this
Court." ECF No. 10-1 at 3. Defendants concede, however, that
the Amended Complaint "state[s] that the reason for Plaintiffs'
bringing the instant lawsuit was their desire to protect the
rights guaranteed them by the First Amendment to the United
States Constitution." ECF No. 10-1 at 3. The Court disagrees
with Defendants that "the entire complaint is void of any
substantive discussion of the First Amendment rights violated by
Defendants." Id. Plaintiffs may have included superfluous
allegations in the Amended Complaint,[4] but, as stated above, they
have implicated a First Amendment claim, challenging provisions
of Ocean City's 2015-11 Town Ordinance, Section 62, enacted on

---

[3] It is somewhat unclear why duplicative motions were filed by
Mayor Meehan.

[4] When dealing with a pro se party, "the longstanding practice is
to construe pro se pleadings liberally." Slade v. Hampton Roads
Reg'l Jail, 407 F.3d 243, 252 (4th Cir. 2005).

June 15, 2015.  This Ordinance amended Chapter 62 of the Code of
Ocean City, which was the section of the code previously
challenged in Chase v. Town of Ocean City, ELH-11-1771.[5]  In
reading the Amended Complaint as a whole, it is clear that
Plaintiffs' action arises under the First Amendment of the
United States Constitution, which can be enforced against
municipalities through the Fourteenth Amendment's Due Process
Clause.  Thus, the Court has subject matter jurisdiction over
this case.

B. 12(b)(5) Insufficient Service of Process

Under Rule 12(b)(5) of the Federal Rules of Civil
Procedure, a defendant may move to dismiss for insufficient
service of process.  If service is contested, the "plaintiff
bears the burden of establishing the validity of service
pursuant to Rule 4." O'Meara v. Waters, 464 F. Supp. 2d 474,
476 (D. Md. 2006).  Even so, insufficient service of process
does not always necessitate dismissal.  See, e.g., Pugh v.
E.E.O.C., DKC-13-02862, 2014 WL 2964415, at *3 (D. Md. June 30,
2014).  Under Rule 4(j)(2), process can be served on a local
government by delivering a copy of the summons and complaint to
its chief executive officer, or by serving the local government

---

[5] In Chase v. Town of Ocean City, Judge Hollander issued a
preliminary injunction, which prevented the enforcement of
certain provisions of Section 62 of the Code of Ocean City.  825
F. Supp. 2d 599, 631-632 (2011).

4

in compliance with the law of the state where the federal court is located.[6]  Under Maryland law,

> [s]ervice is made on a county, municipal corporation, bicounty or multicounty agency, public authority, special taxing district, or other political subdivision or unit of a political subdivision of the State by serving the resident agent designated by the local entity.  If the local entity has no resident agent or if a good faith effort to serve the resident agent has failed, service may be made by serving the chief executive or presiding officer or, if none, by serving any member of the governing body.

Md. Rule 2-124(l).  In addition, process may be served on an individual by handing a summons and complaint to the individual personally, by leaving a summons and complaint at the individual's house or other place of abode, by serving the individual's authorized agent, or by serving the individual in compliance with the law of the state where the federal court is located.  Fed. R. Civ. P. 4(e).  Under Maryland law, "[s]ervice is made upon an individual by serving the individual or an agent authorized by appointment or by law to receive service of process for the individual."  Md. Rule 2-124(b).

Defendants "are unsure if Plaintiffs' individual naming of all City Councilmembers and Mayor Meehan [is] an attempt to name them as parties to the lawsuit" and "note that these individuals have not been formally named as additional Defendants in this case."  ECF No. 10-1 at 5 n.2.  Regardless of whether some

---

[6] Under Rule 4(c)(2), any person who is at least 18 years old and not a party may serve a summons and complaint.

Defendants are properly categorized as individuals or local government entities, Mayor Meehan, the Council, the Town, and Solicitor Ayres[7] contest service.  Plaintiffs attempted to effectuate service on these Defendants by serving Diane Chavis, Clerk of the Town of Ocean City, with four copies of the Amended Complaint.  ECF No. 9 at 1; ECF No. 5.  To the extent Defendants in this case are local government entities, Plaintiffs have not served the chief executive officer[8] or the resident agent of those Defendants.  See ECF No. 10-2 (listing City Solicitor Guy R. Ayres III as the current resident agent of Mayor Meehan and the Council).  To the extent Defendants in this case are "individuals," Plaintiffs have not served any named party or an agent of a named party.  Plaintiffs failed to comply with federal law and Maryland law for effecting service, thus, service was insufficient.

Despite insufficient service, Defendants received actual notice because they filed motions to dismiss alleging Plaintiffs failed to state a claim under Rule 12(b)(6).  See, e.g., DeCosta

[7] Solicitor Ayres asserts that service was improper under Rule 12(b)(4), ECF No. 14-1 at 6, however, the Solicitor's motion does not describe insufficient process but rather insufficient service of process under Rule 12(b)(5).  The Court will consider the Solicitor's assertion under Rule 12(b)(5).

[8] Defendants claim and Plaintiffs do not dispute that the chief executive officer of Ocean City is the person who performs the duties of treasurer, not the city clerk.  ECF No. 10-1 at 4 n.1.

v. U.S. Bancorp, Civil No. DKC-10-0301, 2010 WL 3824224, at *2
(D. Md. Sept. 27, 2010) (improperly served defendant received
actual notice "as evidenced by [its] motion to dismiss the
complaint [for failure to state a claim]").  "When the process
gives the defendant actual notice of the pendency of the action,
the rules, in general, are entitled to a liberal construction."
Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087,
1089 (4th Cir. 1984).  Given Defendants participation in this
suit and Plaintiffs pro se status, dismissal would be
inappropriate.  While pending motions to dismiss for
insufficient service will be denied, Plaintiffs may not ignore
the rules for effecting service, and therefore, service on
Defendants will be quashed.  See id. ("But the rules are there
to be followed, and plain requirements for the means of
effecting service of process may not be ignored."); see also
Vorhees v. Fischer & Krecke, 697 F.2d 574, 576 (4th Cir.
1983)(finding insufficient service of process does not
necessarily warrant dismissal).  The Clerk shall re-issue
summonses, and the Plaintiffs may attempt to effect service on
Defendants in accordance with federal or Maryland law.

C. 12(b)(6) Failure to State a Claim

Because service on Defendants will be quashed, the pending motions to dismiss, ECF Nos. 10, 14, 22, which include requests for dismissal pursuant to Rule 12(b)(6), will be denied as moot, without prejudice to renewal if service is properly made.[9] Although the Court is not proceeding to the merits of Defendants' motions under Rule 12(b)(6), the Court notes that in addition to Plaintiffs' claims under the First Amendment, the Amended Complaint has outlined three counts. ECF No. 6 at 23-28. The Court finds it appropriate to inform Plaintiffs that they may not bring federal criminal charges against Defendants under 18 U.S.C. § 241 or 18 U.S.C. § 242. In addition, to the extent the Court understands Count III as an action to discipline Solicitor Ayres for ethical violations through the suspension of his law license, that claim will likely be dismissed as the Maryland Court of Appeals has "original and complete jurisdiction over attorney discipline proceedings." Attorney Grievance Comm'n of Maryland v. Brown, 44 A.3d 344, 354 (Md. 2012).

For the above-stated reasons, service on Defendants will be quashed. The pending motions to dismiss, ECF Nos. 10, 14, and 22, and the pending Motion for Temporary Injunction, ECF No. 17,

---

[9] For the same reason, Plaintiffs' Motion for Temporary Injunction, ECF No. 17, will be denied as moot without prejudice to renewal if service is properly made.

will be denied as moot, without prejudice to renewal if service is properly made.   A separate order will issue.


                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge


DATED: March 21, 2016

9