```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

ANTHONY C. CHRIST et al.       *
                               *
                               *
v.                             *
                               *   Civil Action No. WMN-15-3305
MAYOR OF OCEAN CITY et al.     *
                               *
                               *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Plaintiffs in this action are individuals who have been, and wish to continue to be, street performers on the Boardwalk of Ocean City, Maryland. Proceeding pro se, Plaintiffs filed this action on October 29, 2015, alleging that an ordinance passed by the City Council of Ocean City violated their rights to free speech and expression under the Constitution of the United States and the Maryland Declaration of Rights. That ordinance, Ordinance 2015-11, amended Chapter 62 of the Code of the Town of Ocean City.

Plaintiffs originally attempted to bring their claims in a different case that had been filed in this Court which challenged the provisions of Chapter 62 before its amendment by Ordinance 2015-11, Chase v. Town of Ocean City, Case No. ELH-11-1771. In Chase, Judge Ellen Hollander issued a preliminary injunction which prevented the enforcement of certain provisions of Chapter 62. Because only one of Plaintiffs was a party in

Chase, Judge Hollander did not permit them to file their claims in that action.

After commencing this action, pro se Plaintiffs had some initial difficulty naming the proper individuals and entities as defendants and then effecting proper service of process. They filed an Amended Complaint, ECF No. 6, shortly after filing the original Complaint and on January 19, 2016, filed a "Motion for Temporary Injunction." ECF No. 17. Defendants filed motions to dismiss and opposed the Motion for Temporary Injunction. On March 21, 2016, the Court issued a Memorandum and Order which quashed service of process and directed the Clerk to reissue summonses and directed Plaintiffs to attempt to effect proper service. The Court denied the motions to dismiss as moot, but without prejudice to renew those motions once service was properly made. While not reaching the merits of the motions to dismiss, the Court did opine that "it is clear that Plaintiffs' action arises under the First Amendment of the United States Constitution, which can be enforced against municipalities through the Fourteenth Amendment's Due Process Clause." ECF No. 30 at 4. The Court also opined that certain other claims that Plaintiffs appeared to be asserting would not be viable. Id. at 8. In addition, in that Memorandum and Order, the Court denied Plaintiffs' Motion for Temporary Injunction, without prejudice to renew it if service is properly made.

On April 7, 2016, Plaintiffs, still proceeding pro se, filed a Second Amended Complaint. ECF No. 33. This complaint included allegations related to an additional ordinance amending Chapter 62 of the Code, Ordinance 2016-6. On June 20, 2016, Plaintiffs filed a "Motion for Ex-Parte Injunction." ECF No. 35. On June 22, 2016, counsel entered his appearance in behalf of Plaintiffs and withdrew the Motion for Ex-Parte Injunction. Shortly thereafter, Defendants filed a motion to dismiss the Second Amended Complaint. Counsel for Plaintiffs then filed a motion for leave to file a Third Amended Complaint which named the Town of Ocean City, Maryland (Ocean City) as the only Defendant and limited Plaintiffs' claims to claims under the First Amendment of the United States Constitution and Article 40 of the Maryland Declaration of Rights. This motion was consented to by Ocean City and was granted by the Court.

After Ocean City was properly served, it filed a motion to dismiss the Third Amended Complaint on October 12, 2016. ECF No. 57. After several requests from Plaintiffs for lengthy extensions of time to respond to that motion, which were granted by the Court, Plaintiffs filed their opposition to that motion on January 27, 2017. Ocean City did not file a reply memorandum and the time for doing so has expired.

In moving to dismiss, Ocean City argues that Plaintiffs' allegations supporting their claims are "little more than legal

3

conclusions." Significantly, in support of this portion of its motion, Ocean City cites no case law in any way related to free speech and expression claims. Upon review of the allegations in the Third Amended Complaint and the relevant case law, the Court concludes that Plaintiffs' allegations are more than sufficient to state claims for relief.

The Third Amended Complaint details each of the provisions in the now amended Chapter 62 that Plaintiffs assert unconstitutionally restricts, burdens, or unduly regulates their protected speech and expression. ECF No. 51 ¶¶ 26-80. Chapter 62 lays out a system whereby a limited number of designated performance spaces on the Boardwalk are assigned by lottery each Monday morning. Performers must be physically present at the Office of the Town Clerk between 9 a.m. and 9:30 a.m. each Monday for the lottery drawing. The size of the performance spaces are limited, the number of performers assigned to each space is limited, and performers are prohibited from using the same space for more than a two week period. The ordinances prohibit certain kinds of performances, including "the application of substances to others, such as paints, dyes, and inks." Id. ¶ 46.

The Third Amended Complaint then details the nature of each Plaintiff's performance and explains how the new restrictions limit and impair those performances. Id. ¶¶ 81-129. For

4

example, Plaintiff Bill Campion, a balloon artist, has been able for 21 years to walk up and down the Boardwalk making his animal figures and handing them to children. Under the new ordinances, he is "restricted to one spot where many fans of his work, both parents and children, often cannot find him." Id. ¶ 89. Plaintiff Bob Charles Peasley, a singer and guitar player, suffers from partial paralysis and uses a wheelchair. His physical restrictions make it difficult for him to be physically present for the weekly lottery. Plaintiff Joseph Smith is a magician and ventriloquist and his performances often drawn larger crowds and require a larger space than permitted under the new provisions of Chapter 62. Plaintiff Mark Chase is a visual artist whose medium is quick-drying enamel spray paint, which is prohibited under the new ordinances.

Plaintiff Chase was the Plaintiff in the previous action challenging the provisions of Chapter 62. In that action, Judge Hollander held that "'it goes without saying that artistic expression lies within . . . First Amendment protection'" and concluded that Plaintiff Chase's "public performance of painting, and his paintings themselves, are clearly protected speech under the First Amendment." Chase v. Town of Ocean City, 825 F. Supp. 2d 599, 614 (D. Md. 2011) (quoting Nat'l Endowment for the Arts v. Finley, 524 U.S. 569, 614 (1998)). The same is certainly true of the works and performances of the other

5

Plaintiffs.  Judge Hollander also concluded that she was "readily satisfied that the [Ocean City B]oardwalk constitutes a traditional public forum." Id. at 615.  While the government may impose reasonable "time, place, and manner" restrictions on speech in a traditional public forum, those restrictions "must satisfy an intermediate level of scrutiny . . . .  In order to pass intermediate scrutiny, a 'time, place, and manner' restriction on speech must (1) be 'justified without reference to the content of the regulated speech'; (2) be 'narrowly tailored to serve a significant governmental interest'; and (3) 'leave open ample alternative channels for communication of the information' that the speaker wishes to communicate." Id. (quoting Clark v. Community for Creative Non-Violence, 468 U.S. 288, 293 (1984)).

As noted above, Plaintiffs provide numerous examples in the Third Amended Complaint of just how the new ordinances have restricted the performance of their various artistic endeavors.  They have further alleged that these restrictions are "substantially broader than necessary to achieve [Ocean City's] interest" and fail to "leave open ample alternative channels for communication of the information that speakers may wish to communicate." ECF No. 51 ¶¶ 78, 79.  While Ocean City may be able to refute those allegations, at this stage in the proceedings the Court must accept them as true and draw all

6

inferences in Plaintiffs' favor.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Among the remedies sought by Plaintiffs in the Third Amended Complaint is for this Court "enjoin, both preliminarily and permanently, the Defendant from enforcing Ocean City Code Chapter 62 to the extent they (a) unduly burden Plaintiffs from engaging in speech and expression in public forums, and (b) wholly forbid certain activities that constitute speech and expression protected by the First Amendment to the United States Constitution."  ECF No. 51, Relief Sought ¶ 3.  Ocean City, argues that Plaintiffs "baldly request injunctive relief" without sufficiently alleging the four factor required for injunctive relief under Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008).  Ocean City posits that this is an additional ground for dismissal.

Plaintiffs acknowledge that they will be seeking permanent injunctive relief in this litigation, but note that they have not yet moved for a temporary restraining order or a preliminary injunction.[1]  If they do move for preliminary relief, they will set out how the four Winter factors are met.  They are not required to do so, however, at this stage in the proceedings.

---

[1] As noted above, Plaintiffs while proceeding pro se made such motions, but Plaintiffs' counsel withdrew the then pending Motion for Ex-Parte Injunction immediately after entering his appearance.

7

The Motion to Dismiss will be denied.  A separate order will issue.

\_\_\_/s/_____  _____
William M. Nickerson
Senior United States District Judge


DATED: April 18, 2017