IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY C. CHRIST, *et al.*, | * | |
| | * | |
| Plaintiffs, | | Civil Action No. RDB-15-3305 |
| | * | |
| v. | | |
| | * | |
| TOWN OF OCEAN CITY, MARYLAND, | * | |
| | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On May 9, 2018, this Court held that various provisions of the Defendant Town of Ocean City, Maryland's Ordinance governing performers and performing on the Ocean City boardwalk were facially unconstitutional in violation of the First Amendment to the United States Constitution and Article 40 of the Maryland Declaration of Rights. (ECF Nos. 88, 89.) Currently pending before this Court is the Plaintiffs' Anthony Christ, Jim Starck, Bill Campion, Sr., Don Bloom, Joseph Smith, Mike Moeller, Alexandra Dawson, Anthony Button, Alex Young and Mark Chase's Motion for Judgment. (ECF No. 106.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the following reasons, Plaintiffs' Motion for Judgment (ECF No. 106) is GRANTED.[1] Accordingly, compensatory damages are entered in the amount of $200.00

---

[1] Also pending are two Motions. First, the parties' Consent Motion for Extension of time for Moving for Fees and Costs (ECF No. 96), which is GRANTED. Second, the Plaintiffs' Motion for Leave to file Surreply (ECF No. 109), which is MOOT because this Court grants the Plaintiffs' Motion for Judgment.

1

with respect to the Plaintiff Christ, and $100.00 to each of the remaining Plaintiffs with the exception of the now *pro se* Plaintiff Ion Lucian Constantin Ionescu.[2]

## BACKGROUND

As explained in more detail in this Court's prior Memorandum Opinion, *Christ v. Town of Ocean City, Maryland*, 312 F. Supp. 3d 465 (D. Md. 2018), in 2015 the Town of Ocean City, Maryland enacted a set of regulations governing where, how, and when individuals may perform on certain areas of the Ocean City boardwalk (the "Ordinance"). Generally, the Ordinance designated thirty-three spaces as the only areas performers could occupy between South First Street and Ninth Street. In order to occupy one of these spaces between May 15 and September 15, performers were required to engage in a lottery and selection system at the beginning of every week. The Ordinance also contained various other restrictions including a time restriction that applied to the entire boardwalk, banning performing on the boardwalk between 1:00 a.m. and 10:00 a.m.

On October 29, 2015, the Plaintiffs, at the time six *pro se* individuals,[3] initiated this action challenging many of the Ordinance's provisions as unconstitutional under the First Amendment to the United States Constitution and Article 40 of the Maryland Declaration of Rights. (Compl., ECF No. 1.) Over the course of the litigation, additional Plaintiffs joined the action and ultimately the Plaintiffs, with counsel, filed a Fourth Amended Complaint. (ECF No. 73.) The Plaintiffs consisted of eleven street performers who perform or had performed on the Ocean City boardwalk, including a puppeteer, balloon artist, magician and

---

[2] As explained below, the Plaintiff Ionescu is now proceeding *pro se* and the Defendant has filed a Motion to Compel as to Interrogatories and Requests for Production of Documents propounded to Ionescu. Accordingly, a damages award is not entered at this time in his favor.
[3] Around eight months later, Plaintiffs gained representation and counsel entered an appearance on their behalf on June 22, 2016. (ECF No. 36.)

ventriloquist, artists and musicians. These Plaintiffs asserted that the registration requirement, time, place, and manner restrictions, and other advertising restrictions imposed an unlawful prior restraint on speech. For example, many of the Plaintiffs testified that prior to the Ordinance's designated spaces regime, they would walk up and down the boardwalk performing their acts to audiences of various sizes. Relatedly, some Plaintiffs testified that they were limited by the small size of the designated spaces and 1:00 a.m. to 10:00 a.m. prohibition. The parties filed Cross-Motions for Summary Judgment, and this Court held a hearing on April 17, 2018. (ECF Nos. 78, 79, 87.) On May 9, 2018, this Court granted in part and denied in part both motions. (ECF Nos. 88, 89; *Christ v. Town of Ocean City, Maryland*, 312 F. Supp. 3d 465 (D. Md. 2018).)

Of relevance here, this Court held that several of the challenged regulations as they applied to "performers" and "performing" were facially unconstitutional, and this Court permanently enjoined Ocean City from enforcing the restrictions which, as enacted: required *all* performers wishing to perform between and including First South Street and Ninth Street to register for a designated area beginning one week ahead of time; required performers in the same stretch of the boardwalk to only occupy one of those designated areas and various related restrictions; banned performing before 10:00 a.m. on the *entire* boardwalk; and prohibited signage or advertising on umbrellas utilized by performers.

After ruling on the Cross-Motions for Summary Judgment, this Court permitted a period of discovery to determine damages. During this time, counsel for the Plaintiffs filed a Motion to Withdraw Appearance on behalf of one of the Plaintiffs, Ion Lucian Constantin Ionescu, citing irreconcilable differences with respect to damages sought. (ECF No. 103.)

3

This Court granted the Motion.[4] (ECF No. 104.) Subsequently, the represented ten Plaintiffs filed the currently pending Motion for Judgment, seeking compensatory damages on behalf of one Plaintiff and nominal damages on behalf of the remaining nine Plaintiffs. (ECF No. 106.)

**ANALYSIS**

I. **Compensatory Damages – Plaintiff Anthony Christ**

The Plaintiff Anthony Christ seeks $200.00 in compensatory damages stemming from a citation he was issued on the boardwalk while the Ordinance was in effect on September 5, 2015. (Pls.' Mot., ECF No. 106 at ¶ 5.) On that date, Plaintiff Christ informed a police officer that, although he had not previously registered for a designated space, he was going to perform by singing in one of the unoccupied designated spaces. (Christ Aff., ECF No. 79-16 at ¶¶ 5-7.) He thereafter began singing the National Anthem. (*Id.* at ¶ 7.) The same police officer then approached Plaintiff Christ and told him that if he sang another song he would be issued a citation. (*Id.*) When Plaintiff Christ began singing another song, he received a $200.00 citation for violating the Ordinance. (*Id.* at ¶ 8.) Given this Court's rulings that the registration and designated space requirements were facially unconstitutional, Plaintiff Christ seeks $200.00 in compensatory damages.

Compensatory damages are appropriate in instances of constitutional violations so long as the injury resulted from the constitutional violation and is sufficiently proven. *Price v. City of Charlotte, N.C.*, 93 F.3d 1241, 1248 (4th Cir. 1996). The Defendant opposes the award

---

[4] Currently pending is the Defendant's Motion to Compel as to Interrogatories and Requests for Production of Documents propounded to the *pro se* Plaintiff Ionescu. (ECF No. 107.) This Motion will be addressed separately.

4

of compensatory damages on the ground that there is no "supporting proof" that Christ received the citation, and asserts that Christ did not respond to the Defendant's discovery request concerning his damages. (Def.'s Opp., ECF No. 108-1 at 6-7.) The Defendant does not otherwise challenge the claimed compensatory damages by arguing, for example, that the citation was issued for any other reason. In response, the Plaintiff directs this Court to the affidavit he submitted in conjunction with the Plaintiffs' previous Motion for Summary Judgment and asserts that Ocean City produced records of the citation during discovery on July 6, 2017. (Pls.' Resp., ECF No. 109 at ¶ 2.) Moreover, if necessary, Christ offers to file a Surreply including the record of the citation. (ECF No. 109.)

At no time during the summary judgment stage of these proceedings did the Defendant challenge or otherwise dispute that Plaintiff Christ received a citation for violating the Ordinance on September 5, 2015. Although the Plaintiff Christ now offers to file a Surreply physically attaching the citation as an exhibit, his unchallenged affidavit is sufficient to support that he sustained actual damages of $200.00 due to the enforcement of the Ordinance against him, and he is entitled to compensatory damages in that amount.

## II. Nominal Damages – Plaintiffs Jim Starck, Bill Campion, Sr., Don Bloom, Joseph Smith, Mike Moeller, Alexandra Dawson, Anthony Button, Alex Young and Mark Chase

The remaining Plaintiffs, with the exception of Ionescu, filed a Motion for Judgment seeking nominal damages.[5] (Pls.' Mot., ECF No. 106.) When a plaintiff's civil rights have been violated but no compensatory damages have been proven, nominal damages are

---

[5] Although the Defendant asserts in its Response to the Motion for Judgment that all of the Plaintiffs, including the ten moving Plaintiffs, have not responded to discovery requests, the Defendant has only filed a Motion to Compel with respect to Plaintiff Ionescu.

5

appropriate. *Tepeyac v. Montgomery Cty.*, 5 F. Supp. 3d 745, 771 (D. Md. 2014) (citing *Carey v. Piphus*, 435 U.S. 247, 266, 98 S. Ct. 1042 (1978); *Norwood v. Bain,* 166 F.3d 243, 254 (4th Cir.1999)); *see also Farrar v. Hobby,* 506 U.S. 103, 112, 113 S. Ct. 566, 121 L.Ed.2d 494 (1992) ("*Carey* obligates a court to award nominal damages when a plaintiff establishes the violation of [a constitutional right] but cannot prove actual injury."); *Covenant Media of SC, LLC v. City of North Charleston*, 493 F.3d 421, 428 (4th Cir. 2007) (citing *Carey* for the proposition that the plaintiff would be entitled to at least nominal damages if it showed that it "suffered an actual injury by the City's application of an unconstitutional ordinance").

The Defendant argues that these nine Plaintiffs are not entitled to even nominal damages because this action involved only the facial constitutionality of the Ordinance, and therefore the Plaintiffs have failed to "demonstrate and show that the allegedly unconstitutional ordinance or statute was *actually applied* to and enforced against" the Plaintiffs. (Def.'s Resp., ECF No. 108-1 at 4 (citing *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 627–28 (3rd Cir. 2013); *Ezell v. City of Chicago*, 651 F.3d 684, 698 (7th Cir. 2011); *Craft v. Vill. of Lake George N.Y.,* 39 F. Supp. 3d 229, 240 (N.D.N.Y. 2014) (emphasis in original)).

While this Court's Memorandum Opinion and Order only addressed the facial constitutionality of the Ordinance, that is not to say that the record does not support that the Ordinance in fact "prevented the [Plaintiffs] from exercising their First Amendment rights in some concrete and demonstrated way." (Def.s' Resp., ECF No. 108-1 at 6.) In one of the cases the Defendant cites, *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 627–28 (3rd Cir. 2013), the United States Court of Appeals for the Third Circuit affirmed the district

6

court's conclusion that nominal damages were not available to a plaintiff challenging the facial constitutionality of an ordinance when it was "undisputed that [the plaintiff] never sought and was not denied a building permit under the" challenged ordinance. 703 F.3d at 628. Accordingly, the court concluded, "[t]hat a legislature may enact a zoning law that if applied to someone would violate due process does not entitle any individual who finds it offensive, including those never subjected to the ordinance, to nominal damages." *Id.*

Unlike in *CMR*, the Defendant clearly does not dispute that from July of 2015 through this Court's Opinion, the Ordinance was in effect and the registration and time, place, and manner restrictions were enforced. As explained above, the Plaintiffs, through their affidavits submitted with their Motion for Summary Judgment, describe how they were each personally affected by many of the Ordinance's restrictions that this Court found facially unconstitutional. (ECF Nos. 79-12-79-20.) Their affidavits, which were never challenged during the summary judgment proceedings, are sufficient to show that they each "suffered a specific deprivation pursuant to the unconstitutional statute or procedures." *CMR*, 703 F.3d at 628. While again the Plaintiffs offer to file a Surreply with additional evidence, the uncontested affidavits are sufficient to show that the Ordinance affected each of their rights to free speech.

Accordingly, although the remaining Plaintiffs have not shown "actual injury," they have shown a violation of their constitutionally protected rights and are each entitled to one hundred dollars ($100.00) in nominal damages. *See Reyes v. City of Lynchburg*, 300 F.3d 449, 453 (4th Cir. 2002) ("Nominal damages may be available in a § 1983 case if a plaintiff was deprived of an absolute right yet did not suffer an actual injury.") (citation omitted); *see also*

*Tepeyac v. Montgomery Cty.*, 5 F. Supp. 3d 745, 771 (D. Md. 2014) ("[I]n a case in which a plaintiff's civil rights are found to have been violated, it is appropriate to award nominal damages.") (citation and quotations omitted); *Pelphrey v. Cobb County, Ga.*, 547 F.3d 1263, 1282 (11th Cir. 2008) ("Because the taxpayers proved a constitutional violation, they are entitled to nominal damages."). Therefore, the Plaintiffs Jim Starck, Bill Campion, Sr., Don Bloom, Joseph Smith, Mike Moeller, Alexandra Dawson, Anthony Button, Alex Young and Mark Chase are each awarded one hundred dollars ($100.00) in nominal damages.

## CONCLUSION

For the reasons stated above, the Plaintiffs' Motion for Judgment (ECF No. 106) is GRANTED. Accordingly, compensatory damages are entered in the amount of $200.00 with respect to the Plaintiff Christ, and $100.00 to each of the remaining Plaintiffs with the exception of the now *pro se* Plaintiff Ionescu.

A separate order follows.

December 27, 2018 　　　　　　　　　　　　　　　　/s/_____

　　　　　　　　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge